**Jose Joel ATILANO–FLORES; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 03–72349, A70–920–582, A74–352–809, A74–352–810.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 20, 2004.

Jose Joel Atilano–Flores, Montebello, CA, pro se.

Laura Veronica Atilano–Herrera, Montebello, CA, pro se.

Norma Veronica Herrera–Polanco, Montebello, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Stuart B. Schoenburg, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM**

Jose Joel Atilano–Flores, his wife Norma Veronica Herrera–Polanco, and his daughter Laura Veronica Atilano–Herrera, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision denying their motion to reopen their cancellation of removal proceeding. We dismiss the petition for review.

Petitioners have waived any challenge to the BIA's determination that their motion to reopen was not filed in a timely manner under 8 C.F.R. § 1003.2(c)(2), by not raising this issue in their opening brief to this court. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

We lack jurisdiction to review the BIA's decision not to exercise its discretion to reopen petitioners' proceedings *sua sponte* under 8 C.F.R. § 1003.2(a) (formerly 8 C.F.R. § 3.2(a) (2002)). *See Ekimian v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit exeept as provided by Ninth Circuit Rule 36–3.

*INS*, 303 F.3d 1153, 1156–59 (9th Cir. 2002).

Finally, petitioners have failed to raise a colorable due process claim. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) ("to invoke our jurisdiction, a petitioner must allege at least a colorable constitutional violation.").

**PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.